## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

JEFFERY A. SAVAGE  
*Plaintiff*

V.

JOSEPH LAMARTINIERRE,  
KEVIN BENJAMIN, and  
MARCUS JONES  
Sued In Their Individual  
Capacities    *Defendants*

NUMBER_____

FILED:_____

_____

Dpy. Clerk

## CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C.A. 1983

MAY IT PLEASE THIS HONORABLE COURT:

This is a civil rights action filed by Plaintiff **Jeffery A. Savage** (hereinafter

**"Plaintiff"**, a Louisiana State Prisoner seeking Declaratory and Injunctive relief

and Restitution under 42 U.S.C. Section 1983, 1985, and 1986 alleging violation of

his First and Fourteenth Amendment Rights to the United States Constitution and

respectfully show to-wit:

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

This is a **retaliation** **claim** deriving from a disciplinary appeal bearing

**#LSP-2018-0160-w**, filed by Plaintiff Jeffery A. Savage DOC #196217, a State

prisoner confined at the Louisiana State Penitentiary at Angola, Louisiana. *See*

*Appeal, Exhibit "A", pgs. 11-13* .

First step respondent denied relief on May 31, 2018. *Exhibit "B", pg. 14.*

Second step respondent denied relief on July 31, 2018. *Exhibit "C", pg. 15.*

Plaintiff has exhausted **all** available remedies required by State law and now seeking Declaratory and Injunctive Relief and Restitution.

## REASONS FOR <u>GRANTING</u> RELIEF

Plaintiff alleges that Defendants **conspired** to issue him two **false** disciplinary reports (Rule 30w <u>sexual assault</u> and Rule 1 <u>contraband</u>) in **retaliation** for exercising his First Amendment Right to file grievance for inadequate and improper medical care and access to court. *See Exhibit "D", pgs. 16-19.*

Plaintiff alleges that while he was in administrative segregation on the alleged sexual assault charge, Defendants ordered him to provide a urine sample. Plaintiff alleges that after he provided a urine sample, Defendants **falsely asserted** that Plaintiff tested **positive** for Meth, and issued him a second **false** disciplinary report for Contraband. Plaintiff alleges that at **his** requests, Defendants packaged and forwarded his urine sample to the Lab (at Angola) for further testing.

In regards to the **false sexual assault** charge, Plaintiff alleges that **after** Defendants conducted a **pretext investigation**, he was brought before a disciplinary board wherein the sexual assault charge was **dismissed** as unsubstantiated. *See Exhibit "F", p. 21.*

In regards to the **false contraband charge**, Plaintiff alleges that when Lab results came back **negative**, Plaintiff was brought back before the disciplinary board and informed that the **original** Contraband report was being dismissed. Defendants then issued Plaintiff a **revised** report for Contraband.

Plaintiff alleges that Defendants **tampered** with the lab results to cover-up Plaintiff's **initial** negative drug tests. Defendants then **manipulated** the revised report when they **omitted** crucial information in Box 10, while placing **false information** in Box 14 and 15. *Exhibit "E", pg. 20.*

Finally, Plaintiff alleges that because credible evidence demonstrates that Defendants actively **conspired** to **retaliate** against him for exercising his First Amendment Right, he is **entitled** to Declaratory and Injunctive Relief and Restitution as a matter of law.

## JURISDICTION

1.    This Court has Jurisdiction over the Plaintiff's claims of violations of the Federal Constitutional Right under 42 U.S.C. Section 1331(a) and 1343.

2.    This court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. Section 1367.

## PARTIES

3.    The Plaintiff, **Jeffery A. Savage**, is incarcerated at the Louisiana State Penitentiary at Angola, Louisiana during the events described in this complaint.

4.    Defendant, **Joseph Lamartinierre**, is a correctional officer employed at the Louisiana State Penitentiary in the capacity of Assistant Deputy Warden/Security. He is being sued in his individual capacity. He can be served at the Louisiana State Penitentiary, 17544 Tunica Trace, Angola, La. 70712.

5.    Defendant, **Kevin Benjamin**, is a correctional officer employed at the Louisiana State Penitentiary in the capacity of an Assistant Warden/Security. He is being sued in his individual capacity. He can be served at the Louisiana State Penitentiary, 17544 Tunica Trace, Angola, La. 70712

6.    Defendant, **Marcus Jones** is a correctional officer employed at the Louisiana State Penitentiary in the capacity of a **Captain**. He is being sued in his individual capacity. He can be served at the Louisiana State Penitentiary, 17544 Tunica Trace, Angola, La. 70712

7.    All Defendants have acted, and continue to act, under the color of state law.

## FACTS

8.    On April 17, 2018, the named Defendants **conspired** to issue Plaintiff a **false** disciplinary report for allegedly violating Rule 30-w, relative to **"sexual assault"** on a fellow inmate housed at the Louisiana State Penitentiary at Angola. *See Exhibit "F", pg. 21.*

9.    Captain Marcus Jones (**"Defendant Jones"**) escorted Plaintiff to administrative segregation and ordered him (Plaintiff) to give a urine sample.

10.    After Plaintiff provided the urine sample, Defendant Jones **falsely** **asserted** that Plaintiff tested **positive** for Meth. *See Exhibit "G", pg. 22.*

11.    Plaintiff informed Defendant Jones that the test results were inaccurate because Plaintiff did **not** use drugs and **never** tested positive for drugs the 25 plus years of his incarceration.

12.    Defendant Jones then responded, "I believe you, Savage, but I'm just a **pawn** in this **scheme**. You (Plaintiff) got to get your business straight with Assistant Wardens Joseph Lamartinierre and Kevin Benjamin (**"Defendants Lamartinierre and Benjamin"**) because they are **mad** about the grievance you filed against the Treatment Center for inadequate medical care.

13.    Plaintiff then requested Defendant Jones to send the urine sample to the Treatment Center to **confirm** Plaintiff's assertions that he did **not** use drugs and therefore, the alleged positive reading had to be inaccurate.

14.    Defendant Jones **granted** Plaintiff's requests and properly packaged the urine sample and forwarded the same to the Lab (at Angola) for further testing. *See Exhibit "H", pg. 23.*

15.    On information and belief, on April 18 or 19, 2018, the Lab (at Angola) informed Defendant Jones that Plaintiff's urine sample was **negative** for Meth.

16.    On information and belief, Defendant Jones contacted Defendants

Lamartinierre and Benjamin and informed them of Plaintiff's **negative** Lab results.

17. On information and belief, Defendants Lamartinierre and Benjamin instructed Defendant Jones to **rewrite** the **contraband** report and **omit** any reference that Plaintiff's urine sample was "properly packaged and sent to the Lab for further testing". *See Exhibit "H", pg. 23.*

18. On information and belief, Defendants Lamartinierre and Benjamin instructed the disciplinary board to **dismiss** Plaintiff's disciplinary report for Contraband, and prosecute Plaintiff on a "revised version". *Exhibit "E", pg. 20.*

19. On April 19, 2018, Plaintiff appeared before the Disciplinary Board and advised that the Rule 1, contraband (dated April 17, 2018) was being dismissed. *Exhibit "H", p. 23.*

20. The Disciplinary Board also advised Plaintiff that he was being prosecuted under a **"revised" report** for contraband, and deferred the matter for 24 hours to prepare a defense. *Exhibit "E", p. 20.*

21. On May 7, 2018, Plaintiff appeared before the disciplinary board and made a Motion to Dismiss the **revised report** on two grounds:

*First Motion:*

22. Plaintiff argued that the Motion to Dismiss should be **granted** because Defendant Jones **tampered** with evidence, *i.e.*, urine samples and the negative Lab

results, and then **falsified** the **"revised" report** to cover-up in **retaliation** for Plaintiff exercising his First Amendment Right to file grievance for inadequate and improper medical care and access to court. *See Exhibit "D", p. 16-19.*

*Second Motion:*

23.    Plaintiff argued that the Motion to Dismiss should be **granted** because Defendant Jones (at the directions of Defendants Lamartinierre and Benjamin) **fabricated** the **revised** report in **retaliation** for Plaintiff exercising his First Amendment Right to file grievance for inadequate and improper medical care and access to court.

24.    The disciplinary board denied Plaintiff's motions to dismiss, found him guilty as charged and sentenced him to a low privileged (drug) dorm. *See Exhibit "E", p. 20.*

## CAUSES OF ACTION

25.    The actions alleged in **paragraphs 12-18,** of Defendants **Lamartinierre, Benjamin and Jones** in **conspiring** to place Plaintiff in administrative segregation on **false** disciplinary charges (**"sexual assault"**) was in **retaliation** for Plaintiff filing a grievance for improper and inadequate medical care which violated Plaintiff's First and Fourteenth Amendment Rights.

26.    The actions alleged in **paragraphs 12-18,** of Defendants **Lamartinierre,**

Benjamin and Jones in lodging false disciplinary charges (**"contraband"**) against Plaintiff was in **retaliation** for Plaintiff filing grievance for improper and inadequate medical care and access to court which violated Plaintiff's First and Fourteenth Amendment Rights.

27.    The actions alleged in **paragraphs 12-18,** of Defendants **Lamartinierre,** **Benjamin and Jones** in tampering with evidence ("urine samples and negative lab results") and then lodging false charges (**"contraband"**) to assure a finding of guilt was in **retaliation** for Plaintiff exercising his First Amendment Rights.

## RELIEF REQUESTED

**A. Issue A Declaratory Judgment Stating that;**
1.) Defendants **Lamartinierre, Benjamin and Jones** **conspired** to lodge **false** sexual assault charges and place Plaintiff in administrative segregation in **retaliation** for exercising his First Amendment Right to file grievance for inadequate/improper medical care and access to court;

2.) Defendants **Lamartinierre, Benjamin and Jones** **conspired** to lodge **false** contraband charges and place Plaintiff in administrative segregation in **retaliation** for exercising his First Amendment Right to file grievance for inadequate/improper medical care and access to court; and

3.) Defendant Jones **conspired** with Defendants **Lamartinierre** and **Benjamin** to **tamper** with **evidence** ("urine sample and negative lab results") and then lodged false charges to cover-up in **retaliation** for Plaintiff exercising his First Amendment Right to file grievance for inadequate/improper medical care and access to court .

**B. Issue an Injunction Ordering Warden Darrel Vannoy or His Agents To;**
1.) Expunge the Rule 1, disciplinary report (**"Contraband"**) from Plaintiff's conduct record;

**2.)** Restore **all** Plaintiff's rights and privileges, including but not limited to his hobbyshop box, with tools and supplies; and

**3.)** Refrain from **retaliating** against plaintiff for exercising his right to seek legal redress;

## C. Award Restitution For:

**1.)** Lost Hobbycraft Earnings From The April and October 2018, Rodeo: **$3,000-$5,000;**

**2.)** Lost Hobbycraft Earnings From Security Employees: **$500-$1,000**; and

**3.)** Lost and/or missing Hobbycraft Tools & Supplies.

## OTHER RELIEF

**1.)** That the Disciplinary Report (Rule 1, contraband) be **expunged** from Plaintiff's conduct record;

**2.)** That Plaintiff's Class "B" trustee status be reinstated including the return of his hobbyshop privileges including tools and supplies; [1]

**3.)** That Plaintiff be returned to the **same** dormitory and **bed** before he was issued the aforementioned false reports; and

**4.)** That **all** Louisiana State Penitentiary officials to refrain from **retaliating** against the Plaintiff for exercising his Right to legal redress and pay **all** costs of this litigation.

---

[1] It is significant to note that Plaintiff received a **"notification letter"** from LSP Mail/Package Room informing him that he had 30 days to: **1.)** Mail his hobbycraft tools/supplies home or **2.)** Make arrangements for someone to retrieve these items. **See Notification Letter from Mail/Package Room, Exhibit "I", pg. 24.**

## AFFIDAVIT

I, __Jeffery A. Savage__, hereby swear, under penalty of perjury, that all the above allegations in this complaint (and exhibits attached hereto) are true and correct to the best of my knowledge and belief.

Done this 7th day of September, 2018, at Angola, Louisiana 70712.

Respectfully Submitted:

Jeffery A. Savage DOC #196217
Camp-D, Falcon-2
Louisiana State Penitentiary
Angola, Louisiana 70712
Phone: (225) 655-4411

__CLERK, PLEASE SERVE:__

__Joseph Lamartinierre__
__17544 Tunica Trace__
__Angola, La. 70712__

__Kevin Benjamin__
__17544 Tunica Trace__
__Angola, La. 70712__

__Marcus Jones__
__17544 Tunica Trace__
__Angola, La. 70712__