# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEFFERY SAVAGE (#196217)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **18-831-BAJ-RLB** |
| **JOSEPH LAMARTINIERE, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 20, 2019.

                                                                     _____
                                                                     **RICHARD L. BOURGEOIS, JR.**
                                                                     **UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JEFFERY SAVAGE (#196217)**                                              **CIVIL ACTION**

**VERSUS**

**JOSEPH LAMARTINIERE, ET AL.**                                           **18-831-BAJ-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion to Dismiss filed on behalf of defendants Joseph Lamartiniere and Marcus Jones (R. Doc. 16). The motion is opposed. *See* R. Doc. 38.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 that his constitutional rights were violated due to retaliation.[1] He prays for monetary, injunctive, and declaratory relief.

Defendants Lamartiniere and Jones first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's § 1983 claims against them for compensatory damages in their individual capacities. In this regard, the defendants are correct that the plaintiff is not entitled to recover compensatory damages from the defendants in this case. Specifically, pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." The plaintiff does not suggest in his Complaint that he has suffered any physical injury as a result of the events alleged. As such, he will be limited to a recovery of nominal or punitive damages if successful. *See Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). In order to recover punitive damages, the plaintiff is required to make a showing that the defendants violated his constitutional rights with "evil intent" or "callous

---

[1] As to defendant Kevin Benjamin, a review of the record reveals that a summons was issued on June 10, 2019, but a return is not yet located in the record.

indifference." *See Allen v. Stalder*, 201 F. App'x. 276 (5th Cir. 2006), *citing Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003). Accordingly, the plaintiff's § 1983 claims asserted against the defendants in their individual capacities, for compensatory damages, are subject to dismissal.

The defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended[2], the plaintiff alleges that he filed a grievance regarding his medical treatment on December 26, 2017. On April 17, 2018, the plaintiff was issued a false disciplinary report for sexual assault on another inmate. The plaintiff was escorted by defendant Jones to administrative segregation and defendant Jones ordered the plaintiff to submit a urine sample. Defendant Jones informed the plaintiff that his urine tested positive for methamphetamine. The plaintiff explained to defendant Jones that the results were inaccurate because the plaintiff did not use drugs and had never tested positive for drugs in over 25 years of incarceration. Defendant Jones responded, "I believe you, Savage, but I'm just a pawn in this scheme. You got to get your business straight with Assistant Wardens Joseph Lamartiniere and Kevin Benjamin because they are mad about the grievance you filed against the Treatment Center for inadequate medical care."

The plaintiff then requested that his urine sample be taken to the Treatment Center to confirm his assertion that the positive results were inaccurate. Defendant Jones forwarded the plaintiff's sample to the lab for further testing. On April 18 or 19, 2018, the lab informed defendant Jones that the plaintiff's urine sample was negative for methamphetamine. Defendant Jones then contacted defendants Lamartiniere and Benjamin who instructed defendant Jones to rewrite the contraband report and omit any reference to the additional test of the plaintiff's urine

---

[2] In determining whether the plaintiff has stated a claim upon which relief can be granted, the Court has reviewed the plaintiff's original Complaint, and his First and Second Amended Complaints. *See* R. Docs. 1, 36, and 39.

sample. Defendants Lamartiniere and Benjamin then advised the disciplinary board to dismiss the plaintiff's disciplinary report for contraband and proceed with a revised version.

On April 19, 2018, the plaintiff appeared before the disciplinary board and was advised that the violation for contraband was dismissed. The hearing was deferred to a later date so that the plaintiff could prepare a defense on the revised report. On May 7, 2018, the plaintiff was found guilty of the charge brought in the revised report and sentenced to a low privileged (drug) dorm.

Turning to the plaintiff's claim that false disciplinary charges were levied against him in retaliation for the grievance filed in December of 2017, it is prohibited for prison officials to take action against an inmate in retaliation for the inmate's exercise of his constitutional rights. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Claims of retaliation by prison inmates, however, are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution. *Woods v. Smith, supra*, 60 F.3d at 1166. Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) that there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell, supra*, 449 F.3d at 684. *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). An inmate must allege more than his mere personal belief that he is the victim of retaliation, *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), and inasmuch as claims of

retaliation are not favored, it is the plaintiff's burden to provide more than conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

*Woods v. Smith, supra*, 60 F.3d. at 1166.

Undertaking the foregoing analysis, the Court finds that the plaintiff has alleged that there is direct evidence of motivation and/or a chronology of events from which retaliation may be plausibly inferred. The plaintiff alleges that he filed a grievance regarding his medical care at the end of December of 2017. In April of 2018 the plaintiff was ordered to submit a urine sample, which defendant Jones stated tested positive for methamphetamine. After the plaintiff informed defendant Jones that the positive drug test results had to be inaccurate, defendant Jones responded that he was merely a pawn in a scheme. He then told the plaintiff he needed to make things right with defendants Lamartiniere and Benjamin because they were mad about the grievance that the plaintiff filed regarding his medical care. As such, the plaintiff's Complaint, as amended, states a claim for retaliation.

Additionally, while mere conclusory allegations of a conspiracy to violate the plaintiff's constitutional rights are not cognizable under § 1983, the plaintiff's allegations discussed above are more than conclusory. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986); *Decker v. Dunbar*, 633 F. Supp. 2d 317, 358 (E.D. Tex. 2008). The plaintiff alleges that defendants Larmartiniere and Benjamin, motivated by their anger caused by the plaintiff's grievance, instituted a scheme and used defendant Jones to accomplish their desired outcome. As such, the plaintiff's Complaint, as amended, states a claim for conspiracy.

Finally, the defendants contend that the plaintiff's retaliation claim is subject to dismissal for failure to exhaust administrative remedies. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[3] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, supra, 385 F.3d at 516, *quoting Porter v. Nussle*, supra, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

The defendants assert that the plaintiff never initiated a formal grievance with regards to his retaliation claim and it appears, based upon the allegations of the plaintiff's Complaint, that the plaintiff's claim of retaliation was not addressed in an ARP proceeding. However, the plaintiff correctly points out in his Opposition that he appropriately asserted his retaliation claim regarding the allegedly false disciplinary charges in his appeal of the disciplinary board's decision. As noted by the plaintiff, the Fifth Circuit has found that the proper method of

---

[3] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

exhaustion for claims regarding an allegedly false disciplinary report is through a disciplinary appeal. *See Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001). The Court specifically states, "Richardson had to file a disciplinary appeal because this involved an allegedly false disciplinary report. The prison regulations explicitly state that a prison "must" file a disciplinary appeal in this situation." *Id.* Accordingly, based upon the factual allegations of the plaintiff's Complaint, as amended, the plaintiff has exhausted his administrative remedies with regards to his claim of retaliation.[4]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss (R. Doc. 16) be granted in part, dismissing the plaintiff claims for compensatory damages asserted against the defendants in their individual capacities. It is further recommended that in all other regards the Motion be denied, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on September 20, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The defendants argue in their Reply that this Court, in *Landor v. Lamartiniere*, Civil Action No. 12-103-BAJ-SCR (M.D., La.) decided the same issue to the contrary. However, in *Landor*, the plaintiff had two claims for relation with one claim occurring in August of 2011 and the other occurring in September of 2011. The Court concluded that the plaintiff had exhausted his administrative remedies relative to the August retaliation claim because in his disciplinary appeal Landor complained of the retaliatory issuance of a false disciplinary report. The Court concluded that the plaintiff failed to exhaust his administrative remedies relative to the September retaliation claim because the plaintiff failed to raise the issues of a false disciplinary report issued in September in a grievance or a disciplinary appeal. The defendants also cite *Hoyt v. LeBlanc*, Civil Action No. 12-699-BAJ-SCR (M.D., La.). In *Hoyt*, the Court determined that administrative remedies were not available to the plaintiff because his disciplinary appeal had already been concluded and the prison would not consider his grievance because his claim was considered to be a disciplinary matter. Therefore, there was no mechanism by which the plaintiff could exhaust his claim that the prison failed to reclassify him in accordance with the disciplinary board's appeal decision. As such, neither of these cases lend support to the defendants' argument that the plaintiff failed to exhaust his administrative remedies because he filed a disciplinary appeal rather than a grievance.