## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JEFFERY SAVAGE (#196217)**                                **CIVIL ACTION**

**VERSUS**

**JOSEPH LAMARTINIERE, ET AL.**                              **18-831-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 26, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JEFFERY SAVAGE (#196217)**                                              **CIVIL ACTION**

**VERSUS**

**JOSEPH LAMARTINIERE, ET AL.**                                         **18-831-BAJ-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motions to Dismiss filed on behalf of defendants Joseph Lamartiniere, Marcus Jones, and Kevin Benjamin (R. Docs. 41 and 45).  These motions are opposed.  *See* R. Doc. 50.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated due to retaliation.  He prays for monetary, injunctive, and declaratory relief.

The instant Motions were filed in response to the plaintiff's First and Second Amended Complaints.  However, when the defendants filed their first Motion to Dismiss (R. Doc. 16) this Court reviewed the plaintiff's original Complaint and his First and Second Amended Complaints in determining whether the plaintiff stated a claim upon which relief could be granted.  Further, this Court concluded that the plaintiff's Complaint, as amended, states a claim for retaliation and conspiracy.  *See* R. Docs. 44 and 46.  As such, the instant Motions are moot with regards to these claims.

Nevertheless, the defendants now additionally assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted with regards to the issuance of a false disciplinary report.  The defendants are correct that a claim regarding the issuance of a false disciplinary report, without more, fails to

state a claim of federal constitutional dimension cognizable under 42 U.S.C. § 1983. Specifically, the law is clear that the mere issuance of one or more false disciplinary reports and the imposition of resulting punishment does not alone amount to a constitutional violation. *See Grant v. Thomas*, 37 F.3d 632 (5th Cir. 1994), *citing Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) ("[T]here is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations").

However, in his Complaint as amended, the plaintiff does not complain about the mere issuance of a false disciplinary report. Rather, the plaintiff complains that the defendants conspired against him to issue two false disciplinary reports in retaliation for exercising his First Amendment right to file a grievance for improper medical care and access to the courts. Accordingly, the defendants' Motions should be denied in this regard.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motions to Dismiss (R. Docs. 41 and 45) be denied in part as moot with regards to the plaintiff's claims for conspiracy and retaliation. It is further recommended that in all other regards the Motions be denied, and that this matter be referred back to the Magistrate Judge for further proceedings.

The Court has also considered the opposition set forth by the plaintiff in his Motion to Dismiss Defendants' Motions. (R. Doc. 50). This is appropriately considered an opposition to existing motions. The Clerk of Court shall terminate R. Doc. 50 as a motion.

Signed in Baton Rouge, Louisiana, on November 26, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**